IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                        :
                                              :
ISLANET, INC.                                 :        Case No. 04-00136(ESL)
                                              :        Chapter 11
        Debtor.                               :
                                              :
_____                 :
                                              :
HECTOR DE JESUS HILL,                         :
FELIPE HERNANDEZ                              :        Adv. Proc. No. 07-0278
                                              :
        Plaintiffs                            :
                                              :
vs.                                           :
                                              :
ISLANET, INC.; ADVENT MORRO EQUITY            :
PARTNERS; GUAYACAN PRIVATE EQUITY             :
FUND, LP; VENTURE CAPITAL FUND, INC.;         :
CYRIL MEDUÑA; DEVELOPMENT                     :
CAPITAL VENTURES, LP; WAYNE S.                :
FOREN; COQUI CAPITAL PARTNERS, LP;            :
ISAAC KIER; CORDELL FAMILY LIMITED            :
PARTNERSHIP; WILLIAM E. CORDELL;              :
SCOTT GOLD; GARY LASHER; JESEE                :
JONES II                                      :
                                              :
        Defendants                            :
_____                 :

## OPINION AND ORDER

This adversary proceeding is before the court on the motion to remand case to state court filed by Héctor de Jesús Hill and Felipe Hernández ("Plaintiffs") on October 1, 2007 (Docket No. 13). On September 6, 2007 the defendants herein filed a Notice of Removal of the instant action pending before the Court of First Instance, San Juan Part, Civil No. KAC 07-8520, to this court. On September 28, 2007 a motion to dismiss with prejudice was filed by Islanet, Inc. ("Debtor") (Docket No. 10) and another motion to dismiss with prejudice was filed by defendants Advent Morro Equity Partners, Development Capital Ventures, LP, Wayne S. Foren, Cordell Family

Limited Partnership, William E. Cordell, Scott Gold, Gary Lasher and Jesee Jones II (collectively the "New Investors") (Docket No. 9), both arguing essentially that the issues raised in the complaint were barred by the doctrine of res judicata upon the confirmation of Debtor's Plan of Reorganization.[1] The Plaintiffs responded by filing a motion to remand arguing that this is a non-core proceeding, raising state law causes of action and involving parties who were not part of Debtor's bankruptcy proceedings, and thus the court should remand the case to state court. For the reasons stated below this court grants Plaintiffs' motion to remand finding that it lacks subject matter jurisdiction over the case.

*Procedural History*

Debtor filed a petition for relief under Chapter 11 on January 9, 2004, Case No. 04-00136. On February 7, 2005 an order was entered confirming Debtor's Plan of Reorganization dated May 28, 2004, as amended (Docket No. 268 Case No. 04-00136). On June 1, 2005 the court granted Debtor's request for final decree (Docket No. 305 Case No. 04-00136).

The confirmed Plan of Reorganization, as amended on October 6, 2004 (Docket No. 231 Case No. 04-00136), extinguished the existing shares and called for the issuance of new shares to the individuals and entities who infused new capital in the amount of $1.4 million into the Debtor company, in consideration for the new value provided. According to the confirmed Plan of Reorganization, these new shareholders were: Development Capital Ventures, LP, Coqui Capital Partners, LP, Guayacan Private Equity Fund, LP, Venture Capital Fund, Inc., Jesse Jones II, Cordell Family Limited Partnership, Gary Lasher and Scott Gold. In accordance with this Plan of Reorganization Plaintiffs' shares in the Debtor company were cancelled upon confirmation.

---

[1] Where necessary, Debtor and the New Investors shall be jointly referred to as "Defendants".

Plaintiffs, each, objected to the confirmation of the Plan of Reorganization, as amended (Docket Nos. 238, 239, Case No. 04-00136) on October 29, 2004, specifically the provision for the cancellation of their shares, because they understood that their interest had been adversely affected and discriminated against by the preferred stockholders of the Debtor. They further stated that they had not been properly informed and were misled about the risks of bankruptcy. Debtor filed a response to the objection (Docket No. 240, Case No 04-00136) which stated, among other things, that Debtor's main creditor, Puerto Rico Telephone Co. ("PRTC") filed an objection to confirmation based on lack of feasibility and the violation of the absolute priority rule. The only way to overcome the objection was with the injection of new capital and the issuance of new shares. Debtor further stated that Plaintiffs were not proposing an alternative method of reorganization. Upon Debtor's opposition the objections to confirmation were denied (Docket No. 240, Case No. 04-00136). Later, Plaintiffs filed motions for reconsideration which were denied by the court. (Docket Nos. 249, 251 and 260, Case No. 04-00136). The Plan of Reorganization as amended was confirmed thereafter.

The confirmed Plan of Reorganization in its Article XI provides that the funds to execute it will be obtained from Debtor's continued operations, and possibly from the sale of any assets not necessary for the reorganization of the business, therefore, the Debtor's plan was one to reorganize and not liquidate. Docket No. 231, Case No. 04-00136, p. 25-26. The retention of jurisdiction provision of the confirmed Plan of Reorganization is found in its Article XVI which reads as follows:

> The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by this Plan, to enable the Debtor to substantially consummate any and all proceedings which it may bring before or after the entry of the Confirmation Order, in order to carry out the provisions of this Plan.

Docket No. 231, Case No. 04-00136, p. 28.

- 3 -

*The Complaint*

On August 28, 2007 Plaintiffs filed a complaint against the Defendants in the Court of First Instance, San Juan Part setting forth four causes of action based on state law and seeking monetary retribution for damages caused in the approximate amount of $6,000,000 (the "Complaint"). The Complaint alleges that the New Investors engaged in a fraudulent scheme to 'squeeze out' the Plaintiffs, original shareholders of Debtor, allowing the New Investors to acquire the company at a price lower than its value. The Complaint provides as follows:

> The instant proceeding deals with the use of illicit commerce practices and violations of fiduciary duties by businesses and natural persons dedicated to the venture capital business in Puerto Rico, that promote themselves offering 'assistance' and 'help' to local corporate entities in need of an injection of capital. With the purpose of [squeezing out] the founding shareholders of a domestic corporation in need of expansion, by virtue of an investment agreement, they enter the directing structures of the local company raised through the work and effort of its two founders, who are also its shareholders, to, through a conspiracy colored by fraud, dolus and deceit, create artificial conditions that ends in the bankruptcy and later acquisition of the corporation at [a "bottom price"] by the same investors, who later sell its assets and enrich themselves without having to compensate plaintiff shareholders of the corporation, who were kept in the margin of the process.

Urgent Motion to Remand Case to State Court, Docket No. 13, page 2-3.

According to the Complaint, Islanet, Inc. was a telecommunications company established in 1998 with Plaintiffs as officers and directors of the same. Presumably in 1999 co-defendant Advent Morro Equity Partners approached Plaintiffs to offer them investment capital in exchange for stock in the company, promising corporate growth and expansion of the company's client base, with Plaintiffs retaining their positions as stockholders and directors. By the year 2000 the investors had acquired 35% of the company while Plaintiffs retained 65%. According to the audited financial statements, as of June 30, 2001 Debtor's assets had increased 400% (to $5,500,000) compared to the previous year. By 2003 the investors conditioned further capital

- 4 -

injection on their decision power as officers of the company, and thus a Recapitalization and Stock Purchase was executed between Plaintiffs and the New Investors. On that same date the following entities became the majority stockholders: Guayacan Private Equity Fund, Venture Capital Fund, Inc., Mr. Jones, Cordell Family Limited Partnership, Development Capital Ventures, Coqui Capital Partners, LP and SEED Ventures/Puerto Rico. The investors were entitled to appoint four out of seven Board members, while Plaintiffs, as owners of common stock, were entitled to one. According to the Third Amended and Restated Certificate of Incorporation the now majority stockholders, with their majority vote or written consent, could dissolve or liquidate the company.

Plaintiffs allege in the Complaint that the new directors of Islanet, Inc. violated their fiduciary duties and caused the company's bankruptcy filing under false representations regarding its financial status with the purpose of eliminating Plaintiffs as co-owners, and later capitalize on the sale of the company without compensating them. These investors, allegedly without justification, decided to discontinue payments to PRTC, the company's supplier, which resulted in a debt of $1,500,000, thereby creating the ideal conditions for the bankruptcy filing. The New Investors allegedly designed a Plan of Reorganization with an appraisal report prepared by an appraiser, Tom Fallure, who had a conflict of interest, as he was a business partner of one of New Investors. Plaintiffs allege that the value of Debtor's assets as shown in the appraisal report, was below the real value of these assets. Plaintiffs add that notwithstanding their objections, Mr. Fallure was appointed by the court under false representations and keeping Plaintiffs in the dark regarding decisions made. Plaintiffs conclude that, as expected, upon confirmation, Plaintiffs were divested of their interest in the Debtor, a company that they created, without compensation of any kind. And once the purpose of the conspiracy was fulfilled, barely

- 5 -

two years after, the sale of Islanet's assets to Centennial, for $20 million, will take place. Plaintiffs claim that they were kept in the dark with respect to the decision process which culminated in their ousting as stockholders, entailing a violation of the New Investors's fiduciary duties, illicit acts, breach of contract and illicit business practices which will create a monopoly in the internet service industry.

The causes of action pled in the Complaint consist of: fiduciary duties violations under the Law of Corporations of 1995, 14 L.P.R.A. § 2601 et seq.; damages under 10 L.P.R.A. § 258 for illicit business practices; and damages under 10 L.P.R.A. § 259 for deceitful or unjust acts in commerce. On September 6, 2007 the Plaintiffs filed a Notice of Removal of this action before this court.

*Removal to Bankruptcy Court*

Plaintiffs allege in their motion to remand filed on October 1, 2007 that this case is not even 'related to' any bankruptcy case, but even if this court found that it is, mandatory abstention would be proper because the Complaint is strictly based on state law causes of action. Plaintiffs state that this is an action against officers and directors of a corporation for violations of their fiduciary duties, for 'illicit business practices' and for 'deceitful or unjust acts of commerce', and not an objection to the confirmation of a plan the terms of which were long ago complied with. They admit the Plan is final and unappealable and Debtor was effectively reorganized. Plaintiffs state that bankruptcy was mentioned in the Complaint only as part of the scheme Defendants devised to "squeeze out" Plaintiffs and that absent the bankruptcy filing this action would have been brought anyway. This is because, as stated in the Complaint, Defendants used other devices to benefit themselves at the expense of the minority shareholders [Plaintiffs], to wit, dividend withholding, eliminating Plaintiffs from directorate and excluding them from company

- 6 -

employment, siphoning off earnings and withholding information.  Islanet, Inc is the only one out of fourteen co-defendants, who was a debtor in bankruptcy.  Plaintiffs are not debtors in bankruptcy either.  Furthermore, the case does not arise under the Bankruptcy Code and is not a 'core' proceeding, therefore abstention is required.  Plaintiffs argue that in view of these circumstances the case must be remanded to state court.

In its opposition to Plaintiffs' motion to remand Debtor argues that the causes of action asserted in the Complaint "cover the same set of transactions and occurrences that were litigated before this Court prior to its decision to confirm the Islanet Plan of Reorganization." (Docket No. 14 AP 07-00278, ¶ 10).  Debtor concludes that the doctrine of *res judicata* precludes the re-litigation in a different forum, of matters already adjudicated by this court.

*Jurisdiction*

Federal courts have an independent and constant obligation to examine their own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Before ruling on Plaintiffs' motion to remand, the court "must first evaluate whether the state court action was properly removed; that is,... whether it has subject matter jurisdiction over the removed proceeding." *C&A, S.E. v. Puerto Rico Solid Waste Management Authority*, 369 B.R. 87, 90 (D.P.R. 2007) citing *In re Santa Clara County Child Care Consortium*, 233 B.R. 40, 44 (1st Cir. BAP 1998). The federal removal statute applicable to bankruptcy courts provides that "[a] party may remove any claim or cause of action in a civil action ... to the district court where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title." 28 U.S.C. § 1452.  The court hearing the removed case "may remand such claim or cause of action on any equitable ground." § 1452(b). Also, if at any time the court finds that subject matter jurisdiction is lacking, it must remand the action to state court pursuant to

28 U.S.C. § 1447(c). *C&A*, 369 B.R. at 90. Finally, section 1334 also contains provisions that permit or mandate the federal courts to abstain from hearing cases before them. *Id.*

Federal courts have jurisdiction over bankruptcy cases pursuant 28 U.S.C. § 1334, which provides in subsection (a) that the district courts have original and exclusive jurisdiction over "cases under title 11" (such as the bankruptcy petition itself), and in subsection (b) that the district courts have original but not exclusive jurisdiction over "proceedings arising under title 11, or arising in or related to cases under title 11". Pursuant to 28 U.S.C. § 157(a), the district courts may refer to the bankruptcy courts any or all cases and proceedings arising under title 11 or proceedings arising in or related to a case under title 11[2]. Cases under title 11 and "core proceedings" arising under or arising in cases under title 11 constitute the bankruptcy court's "core" jurisdiction. 28 U.S.C. § 157(b)(1); *Concerto Software, Inc. v. Vitaquest International, Inc.*, 290 B.R. 448, 452 (D. Maine 2003). Subsection 157(b)(2) sets forth a non-exhaustive list enumerating sixteen actions that constitute core proceedings. The determination of the bankruptcy court's "core" or "related to" jurisdiction is committed to the judgment of the court, and it shall not be affected solely because resolution of the proceeding may be affected by state law. 28 U.S.C. § 157(b)(3). If a bankruptcy judge chooses to hear a non-core proceeding that is otherwise "related to" a case under title 11, the judge shall submit proposed findings of fact and conclusions, subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1).

When presented with a motion to remand a proceeding which has been removed from state court, such as this one, the bankruptcy court must first determine whether it has subject matter jurisdiction over the proceeding, and thus it must decide whether the removed action is

---

[2] By standing order, the District of Puerto Rico has delegated to the bankruptcy court all cases in which jurisdiction is premised on 28 U.S.C.A. § 1334.

- 8 -

one "arising under" or "arising in" a case under title 11, or is an action "related to" a case under title 11. *In re Santa Clara County Child Care Consortium*, 223 B.R. 40, 44 (1st Cir. BAP 1998). The statute distinguishes between cases "arising under", "arising in" and "related to" proceedings under title 11, although it provides no definitions. " 'Arising under' proceedings have been interpreted as those cases in which the cause of action is created by title 11, as are a claim of exemptions under 11 U.S.C. § 522 and any action by a trustee under an avoiding power. *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002); 1-3 Collier on Bankruptcy ¶ 3.01[4][c][i] (15th Edition Rev. 2008). " 'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Middlesex,* 292 F.3d at 68 (citation omitted). "Claims that 'arise in' a bankruptcy case are claims that by their nature, *not their particular factual circumstance,* could only arise in the context of a bankruptcy case." *Marotta Gund Budd & Dzera LLC v. Costa*, 340 BR 661, 666 (D.N.H. 2006)(citation omitted). In the case of *Marotta*, where the plaintiffs brought a state court action alleging that defendants defamed them by republishing statements originally made in motions filed in the bankruptcy case, the court held that:

> while the defendants may be correct that they could not have made the allegedly defamatory statements about the plaintiff's management of the debtors had the debtors not declared bankruptcy in the first place, this point is irrelevant to whether the defamation action arises in the bankruptcy case within the meaning of section 1334(b) ... there is nothing about the nature of a defamation action that limits its existence to bankruptcy proceedings.

*Id.* at 666, 667.

'Related to' proceedings are "the broadest of the potential paths to bankruptcy jurisdiction." *In re Seven Fields Development Corp.*, 505 F.3d 237, 257 (3rd Cir. 2007). "[B]ankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation potentially could have some effect on the bankruptcy estate, such as altering debtor's

rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." *In re Boston Regional Medical Center, Inc.*, 410 F.3d 100, 105 (1st Cir. 2005)(citation omitted). Consequently, "bankruptcy court jurisdiction will not extend to a dispute between non-debtors unless the dispute creates the logical possibility that the estate will be affected. *In re Resorts Intern., Inc.*, 372 F.3d 154, 165 (3rd Cir. 2004) citing *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 380 (3rd Cir. 2002).

It is problematic to apply this test in a post confirmation context because the bankruptcy estate has ceased to exist once a plan has been confirmed and "generally the confirmation of a plan vests all of the property of the estate in the reorganized debtor." *Seven Fields*, 505 F.3d at 258. Also, in order to prevent the bankruptcy court jurisdiction to continue indefinitely, its reach must be restricted post-confirmation. *Boston Regional*, 410 F.3d at 106. However, the First Circuit in the case of *Boston Regional* determined that the narrower interpretation of the 'related to' jurisdiction in post confirmation cases concern actions involving reorganized debtors, because in cases involving liquidating plans the debtor's sole purpose is to conclude its business, sell all its assets and distribute the funds to creditors as proposed in the plan, and this fact undercuts the need to police the endless bankruptcy jurisdiction. *Id.* Furthermore, it is true that in the case of reorganized debtors "the corporation moves on and the connection attenuates." *Id.*

*Discussion*

This is not a case 'arising under' or 'arising in' title 11 because it does not involve rights created by the Bankruptcy Code and are claims that by their nature could exist outside of the bankruptcy context. Additionally, it is not a case filed "to enable the Debtor to substantially consummate any and all proceedings which it may bring before or after the entry of the Confirmation Order, in order to carry out the provisions of this Plan" as provided in the retention

- 10 -

of jurisdiction provision of the confirmed Plan.

It is not a 'related to' proceeding either. As stated by Plaintiffs, these are state law causes of action between third parties, none of which, with the exception of Islanet, Inc. have been in bankruptcy. Furthermore, Islanet, Inc. is a reorganized debtor, its Plan of Reorganization was confirmed over three years ago. Plaintiffs could have commenced this action in state court before Debtor's case was filed, and the case would have survived in state court notwithstanding Debtor's bankruptcy. Most importantly, there is no conceivable way that the outcome of this case could affect the Debtor's estate which does not exist anymore.

Debtor maintains that the case should not be remanded because the allegations raised in the Complaint are based on matters disposed of by this court upon the confirmation of the Plan of Reorganization. Debtor states that in fact, Plaintiffs raised objections to the confirmation based on the same grounds that are being alleged herein. Plaintiffs accept that the confirmation order is final and unappealable. The court can only confirm a plan if all of the 11 U.S.C. 1129(a) requirements are met, including that the plan was proposed in good faith and not by any means forbidden by law. The appointment of Mr. Tom Fallure as appraiser for the estate, which entails a finding of his lack of adverse interest against the estate, is also final and unappealable.[3] However, the fact that the doctrine of *res judicata* may be applicable in this case does not afford this court of jurisdiction. It will be the function of a court with competent jurisdiction to determine to what extent Plaintiffs' claims are barred by virtue of this doctrine or otherwise.

---

[3] The court will not address the merits of the orders entered in this case as they are admittedly final, and Plaintiffs are not questioning the same on any ground. There is no challenge to the integrity of any order entered in the bankruptcy proceeding.

*Conclusion*

The allegations and causes of action in Plaintiffs' Complaint are between third parties, will not have any effect on the bankruptcy case, do not affect the bankruptcy estate as the same ceased to exist upon confirmation, do not come within the limited retention of jurisdiction set forth in the confirmed Plan of Reorganization, assert no Bankruptcy Code claims, do not challenge the terms of the confirmed Plan and are based on state law. Therefore, this court concludes that it does not have subject matter jurisdiction over this case and orders the case to be remanded to Court of First Instance, San Juan Part.

SO ORDERED.

In San Juan, Puerto Rico, this 9th day of July 2008.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

- 12 -